UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Thomas Lake,<br><br>　　　　Plaintiff,<br>v.<br><br>WELTMAN, WEINBERG & REIS CO., LPA,<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), and the Michigan Occupational Code, M.C.L. § 339.901 *et. seq*. ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred in Ionia County, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

4. Plaintiff Thomas Lake is a natural person who resides in the City of Ionia, County of Ionia, State of Michigan, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Plaintiff is a "debtor" as the term is defined by M.C.L. §§ 445.251(d) and 339.901(f).

6. Plaintiff is a "consumer" as the term is defined by M.C.L. §§ 445.251.

7. Defendant Weltman, Weinberg & Reis Co., LPA (hereinafter "Defendant" or "WWR") is an Ohio professional corporation with an office at 175 South 3rd Street, Suite 900, Columbus, Ohio 43215, with its registered agent being Eileen M. Bitterman, 965 Keynote Circle, Brooklyn Heights, Ohio 44131.

8. Defendant WWR uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

9. Defendant WWR is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant WWR and its agents are "regulated persons" as that term is defined in the MCPA at M.C.L. § 445.251(g).

11. Defendant WWR is a "collection agency" as that term is defined by M.C.L. §§ 445.251(b) and 339.901(b).

12. Defendant WWR is a "regulated person" as that term is defined by M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

13. At some point prior to mid-2013, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal credit card debt with Discover Bank.

14. Plaintiff is elderly and survives on a modest Social Security payment.

15. Sometime around late 2012 or early 2013 Plaintiff defaulted on the debt.

16. Sometime after Plaintiff's default, the debt was consigned, placed, assigned, or otherwise transferred to Defendant WWR for collection from Plaintiff.

17. On or about September 24, 2013, Defendant filed a civil complaint for damages in the 64-A District Court.

18. On or about October 3, 2014, a Summons and Complaint was issued by the 64-A District Court, with the case number being 13-1795-GC.

19. Soon after being served with the lawsuit, the Plaintiff called Defendant WWR and spoke with one of Defendant's representatives.

20. During this phone call, Defendant claimed that the only way for Plaintiff to have a desirable outcome was to submit all of his personal

       financial information to Defendant.  Plaintiff was led to believe that in exchange for divulging all of his personal financial information to support his contention that he was living on Social Security, Defendant would then agree to a settlement where the Defendant would pay the balance due in small monthly payments without any interest accruing.

21. On or about October 28, 2013, Defendant, through an individual identified as V. Williams communicated with the Plaintiff by mailing him a letter that asked Plaintiff to complete and return an Affidavit so that Defendant's "…client [could] make an informed decision about the settlement offer you proposed."

22. Believing Plaintiff's earlier conversation with Defendant, Plaintiff completed the affidavit, had it notarized, and returned it, along with all of his banking information, to Defendant.

23. On or about November 8, 2013, Defendant sent the Plaintiff another communication, which included a letter from Mr. VanGemert and a Consent Judgment in the amount of $4571.61 for the Plaintiff to sign, date, and return.

24. The Consent Agreement contained several additional items, including additional amounts added to the Judgment for costs and attorney fees.

25. Knowing that he had already disclosed his personal financial information, including banking account numbers, he was powerless to argue the terms of Defendant's Consent Judgment, because if he did not sign it, he believed Defendant's threat of garnishment, as already stated by Defendant.

26. On or about November 11, 2013, Defendant sent a mailing to Plaintiff that included a cover letter from Attorney VanGemert, a Civil Pretrial Statement, Plaintiff's Exhibit and Witness Lists, and a Proof of Service dated November 13, 2013.

27. On December 3, 2013, the 64-A District Court entered a Consent Judgment in the amount of $4571.61, which included judgment in the amount of $4405.91, costs in the amount of $90.70, and attorney fees in the amount of $75.00.

28. At no time did any communication from Defendant contain the language required by 15 U.S.C. § 1692g(a)(1)-(5).

29. Defendant failed to send Plaintiff the notices required by 15 U.S.C. § 1692g(a)(1)-(5) within five days of the initial communication.

30. The letter postmarked November 13, 2013, from Attorney VanGemart failed to include language required by 15 U.S.C. § 1692e(11).

31. As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual damages by entering into an

agreement without being informed of his statutory rights, was prevented from exercising his rights, and suffered damages in the form of emotional distress, frustration, upset, and embarrassment, amongst other negative emotions caused by Defendant's acts and omissions.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

35. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means by inducing the Plaintiff to

divulge his personal financial information, then not honoring the agreement regarding settlement once the information was disclosed.

36. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt, when it stated "as long as payments are kept current no garnishment of wages will issue" in its letter dated November 8, 2013, well before any Judgment was entered with the 64-A District Court.

37. Defendant violated 15 U.S.C. § 1692e(4) by representing that nonpayment of the debt would result in seizure, garnishment, attachment, or sale of property or wages, when it stated "as long as payments are kept current no garnishment of wages will issue" in its letter dated November 8, 2013, at a time when such action was not lawful.

38. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take a legal action it was not legally entitled to take when it stated "as long as payments are kept current no garnishment of wages will issue" in its letter dated November 8, 2013, prior to the entry of any Judgment in the case.

39. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692e(11) and 1692g(a)(1)-(5).

40. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692e(11) and 1692g(a)(1)-(5).

41. Defendant violated 15 U.S.C. § 1692e(11) when its letter postmarked November 13, 2013, failed to state that the communication was from a debt collector.

42. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt by inducing the Plaintiff to divulge his personal financial information, then not honoring the agreement regarding settlement once the information was disclosed.

43. Each violation of the MCPA by the Defendant, as outlined in this Complaint, is a violation of 15 U.S.C. § 1692f, being an unfair or unconscionable means to attempt to collect a debt.

44. Each violation of the MOC by the Defendant, as outlined in this Complaint, is a violation of 15 U.S.C. § 1692f, being an unfair or unconscionable means to attempt to collect a debt.

45. Defendant violated 15 U.S.C. § 1692g(a) by not providing the statutorily required notices within five days of the initial communication.

46. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to send Plaintiff a written notice of the amount of the debt within five days of the initial communication.

47. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to send Plaintiff a written notice the name of the creditor within five days of the initial communication.

48. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to send a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector within five days of the initial communication with the Plaintiff.

49. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to send a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector within five days of the initial communication with the Plaintiff.

50. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to send a statement that, upon the consumer's written request within the thirty-

      day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor within five days of the initial communication with the Plaintiff.

51. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT II.

## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

## M.C.L § 445.251 *et seq.*

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*, with respect to Plaintiff.

54. Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff in a misleading or deceptive manner by inducing the Plaintiff

to divulge his personal financial information, then not honoring the agreement regarding settlement once the information was disclosed.

55. Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff in a misleading or deceptive manner by inducing the Plaintiff to divulge his personal financial information as the only way to obtain a payment plan.

56. Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim by inducing the Plaintiff to divulge his personal financial information, then not honoring the agreement regarding settlement once the information was disclosed.

57. Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim by inducing the Plaintiff to divulge his personal financial information as the only way to obtain a payment plan.

58. Defendant violated M.C.L. § 445.252(e) in its letter postmarked November 13, 2013, by concealing or not revealing the purpose of the communication when it was made in connection with collection of a debt.

59. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include

within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(1).

60. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(2).

61. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(3).

62. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(4).

63. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(5).

64. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to state that

the communication was from a debt collector, a violation of 15 U.S.C. § 1692e(11), in its letter postmarked November 13, 2013.

65. Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method(s) to collect a debt by inducing the Plaintiff to divulge his personal financial information, then not honoring the agreement regarding settlement once the information was disclosed.

66. Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method(s) to collect a debt by inducing the Plaintiff to divulge his personal financial information as the only way to obtain a payment plan.

67. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

68. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## COUNT III.

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

### M.C.L. § 339.901 *et seq.*

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

71. Defendant violated M.C.L. § 339.915(a) by communicating with the Plaintiff in a misleading or deceptive manner by inducing the Plaintiff to divulge his personal financial information, then not honoring the agreement regarding settlement once the information was disclosed.

72. Defendant violated M.C.L. § 339.915(a) by communicating with the Plaintiff in a misleading or deceptive manner by inducing the Plaintiff to divulge his personal financial information as the only way to obtain a payment plan.

73. Defendant violated M.C.L. § 339.915(e) in its letter postmarked November 13, 2013, by concealing or not revealing the purpose of the communication when it was made in connection with collection of a debt.

74. Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim by inducing the Plaintiff to divulge his personal financial information, then not honoring the agreement regarding settlement once the information was disclosed.

75. Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim by inducing the Plaintiff to divulge his personal financial information as the only way to obtain a payment plan.

76. Defendant violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(1).

77. Defendant violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(2).

78. Defendant violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(3).

79. Defendant violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(4).

80. Defendant violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(5).

81. Defendant violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to state that the communication was from a debt collector, a violation of 15 U.S.C. § 1692e(11), in its letter postmarked November 13, 2013.

82. Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method(s) to collect a debt by inducing the Plaintiff to divulge his personal financial information, then not honoring the agreement regarding settlement once the information was disclosed.

83. Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method(s) to collect a debt by inducing the Plaintiff to divulge his personal financial information as the only way to obtain a payment plan.

84. Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

85. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

## COUNT II.

## VIOLATIONS OF THE

## MICHIGAN COLLECTION PRACTICES ACT

## M.C.L. § 445.251 *et seq*.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

## COUNT III.

## VIOLATIONS OF THE

## MICHIGAN OCCUPATIONAL CODE

## M.C.L. § 339.901 *et seq*.

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

                                                Respectfully submitted,

                                                GOLDEN LAW OFFICES, P.C.

Dated: October 30, 2014

                                                /s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com